NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRONE WATFORD,<br><br>                 Plaintiff,<br><br>v.<br><br>NEW JERSEY STATE PRISON, et al.,<br><br>                 Defendants. | Civil Action No. 16-7878-BRM-LHG<br><br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE:**

Before this Court is the Complaint of Plaintiff Irone Watford ("Plaintiff") raising claims pursuant to 42 U.S.C. § 1983, against New Jersey State Prison and the following prison officials: Steven Johnson, Mary Lang, and Gary M. Lanigan (collectively, "Defendants"). (Dkt. No. 1.) Because Plaintiff has been granted *in forma pauperis* status and is a prisoner seeking redress from state employees, this Court is required to screen the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim for which relief can be granted.

I.    **BACKGROUND**[1]

Plaintiff is a prisoner currently incarcerated in New Jersey State Prison in Trenton, New Jersey. (Dkt. No. 1 at 5.) In 2009, Plaintiff was diagnosed with Hepatitis C. (*Id.* at 8.) In early

---

[1] The following allegations are taken from Plaintiff's Complaint and are assumed as true for the purposes of this Opinion.

1

2016, he learned that the government had recently approved a drug called Harvoni for use in the treatment of Hepatitis C. (*Id.*) Plaintiff alleges that this drug would cure him of the disease if it were administered to him. (*Id.*) Plaintiff contacted the prison's medical staff in January 2016 and asked to see a specialist doctor, so he could procure treatment with the drug. (*Id.*) Plaintiff saw a doctor[2] on January 30, 2016, but the doctor did not prescribe Harvoni, instead providing Plaintiff with drug tests, vaccinations against Hepatitis A and B, and radiological testing. (*Id.*) According to Plaintiff, the doctor conducted these tests "with the promise of starting treatment after testing" was completed. (*Id.*)

On February 17, 2016, Plaintiff again requested to see a specialist. (*Id.*) Plaintiff was taken to see a specialist doctor, but again received further diagnostic testing rather than immediate treatment with the drug. (*Id.* at 8-9.) Plaintiff continued to request further treatment in March 2016, ultimately leading to a meeting with a prison doctor on March 15, 2016. (*Id.* at 9.) In that meeting, Plaintiff was told that prison doctors and the specialist doctor had discussed the diagnostic tests, but that the specialist doctor "wanted a second MRI test done before starting the treatment with Harvoni." (*Id.*) Plaintiff was therefore scheduled for an MRI in April 2016. (*Id.*) After this second MRI was conducted, however, Plaintiff was told by medical staff that the doctors had decided that a third such test was necessary, and it was scheduled for "sometime next year." (*Id.*)

Plaintiff, dissatisfied with that decision, filed medical grievances with the prison administration. (*Id.*) When Plaintiff did not receive a response, he continued to file grievances and, in June 2016, sent letters to the Commissioner of the New Jersey Department of Corrections (the "DOC") and the head of the DOC's medical staff. (*Id.* at 10.) Ultimately, the prison's medical staff sent Petitioner to another specialist doctor, where he was questioned about his background and his

---

[2] It is not clear from the Complaint if the doctor seen on January 30, 2016 was a specialist.

2

health, but did not receive further treatment. (*Id.*) Unhappy with his treatment, Plaintiff filed this Complaint in October 2016. (*Id.* at 11.)

## II. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) (the "PLRA"), district courts must review the complaints in all civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee. *See* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. This action is subject to *sua sponte* screening for dismissal because Plaintiff is a federal prisoner who has been granted *in forma pauperis* status and is seeking redress from a governmental employee. *Id.*

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's

3

"obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**III.    DECISION**

Plaintiff brings claims against Defendants for alleged violations of his Eighth Amendment rights, pursuant to 42 U.S.C. § 1983. "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting under the color of state law." *Nicini v. Morra*, 212 F.3d 798,

4

806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (§ 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998)). Here, Plaintiff attempts to assert a claim for deliberate indifference to his medical needs, based on Defendants' failure to provide him with the drug Harvoni for his Hepatitis C.

Plaintiff's Complaint names as defendants, the prison administrator of New Jersey State Prison, Steven Johnson; the supervisor of the prison's medical department, Mary Lang; and the Commissioner of the DOC, Gary Lanigan.[3] In order to set forth a plausible claim for relief based on a defendant's deliberate indifference to the plaintiff's medical needs in violation of the Eighth Amendment, a plaintiff must allege both "(i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale*, 318 F.3d at 582. An act or omission amounts to deliberate indifference where the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). A medical need is sufficiently serious where it "has been diagnosed as requiring treatment or [is a need that] is so obvious that a lay person would easily recognize the necessity of a doctor's

---

[3] Plaintiff also lists New Jersey State Prison in his caption, but does not name the prison as a defendant in the body of his Complaint. To the extent Plaintiff sought to name the prison as a defendant, the prison would have to be dismissed with prejudice from this action because the prison is not a person subject to suit under § 1983 and would otherwise be immune from liability as it is an arm of the state. *See, e.g., Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013); *see also Ewing v. Cumberland Cnty.*, Civ. No. 09-5432, 2015 WL 1384374, at *25 (D.N.J. Mar. 25, 2015); *Brown v. New Jersey Dep't of Corr.*, Civ. No. 12-5069, 2014 WL 4978579, at *2 (D.N.J. Oct. 3, 2014); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (State department of corrections and state prison facilities are not "persons" under § 1983).

attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). "'Where a prisoner has received some medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.'" *Everett v. Nort*, 547 F. App'x 117, 121 (3d Cir. 2013) (quoting *United States ex rel. Walker v. Fayette Cnty.*, 599 F.2d 573, 575 n.2 (3d Cir. 1979)). As such, neither a prisoner's personal, subjective dissatisfaction with the care he has been provided, nor his disagreement with the professional judgment of trained medical staff, is sufficient to establish deliberate indifference. *See Hairston v. Director Bureau of Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

Plaintiff fails to allege any facts indicative of deliberate indifference on the part of the prison or its medical staff. In his Complaint, Plaintiff alleges he requested to see a specialist, was provided treatment by both prison doctors and a specialist doctor, and that he received extensive testing "with the promise" of eventual treatment with the medication he wishes to receive. By Plaintiff's own admission, he was told that the doctors believed more testing was necessary before proceeding with treatment with Harvoni. Plaintiff's Complaint contains no allegations which would suggest anything other than Plaintiff's dissatisfaction and disagreement with the professional judgment of prison medical staff and the specialist doctors he has seen. Neither allegation is sufficient to state a claim for deliberate indifference. *Everett*, 547 F. App'x at 121; *see also Hairston*, 563 F. App'x at 895; *White*, 897 F.2d at 110; *Andrews*, 95 F. Supp. 2d at 228. Therefore, because Plaintiff is clearly being treated for his Hepatitis C, Plaintiff fails to state a cognizable claim for relief against Defendants. Plaintiff's desire to receive different treatment is not sufficient to establish a deliberate indifference claim.

Additionally, Plaintiff's Complaint is problematic, because he fails to name any of the medical staff actually providing treatment. Instead, Plaintiff brings claims against prison supervisors. A defendant in a § 1983 case may not be held liable solely on the basis of a *respondeat superior* theory of liability premised on his vicarious responsibility for the actions of his subordinates. *See Iqbal*, 556 U.S. at 676; *see also Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Rather, a "defendant in a civil rights action must have personal involvement in the alleged wrongs." *Rode*, 845 F.2d at 1207-08. Generally, a plaintiff seeking to name supervisors as defendants must show each supervisor's participation in the alleged wrongs by pleading either that the supervisor's "establishment of policies, practices or customs . . . directly caused the constitutional violation[,] personal liability based on the supervisor participating in the violation of [the p]laintiff's right, [that the supervisor] direct[ed] others to violate [the p]laintiff's rights, or [that the supervisor had actual] knowledge of and acquiesc[ed] to a subordinate's conduct." *Doe v. New Jersey Dep't of Corr.*, Civ. No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015) (quoting *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014), *rev'd on other grounds*, 135 S. Ct. 2042 (2015)); *see also Tenon v. Dreibelbis*, 606 F. App'x 681, 688 (3d Cir. 2015) (§ 1983 Plaintiff pleading supervisory liability must establish defendant's "participation [in the alleged wrong], or actual knowledge and acquiescence, to be liable").

In this matter, Plaintiff attempts to plead the liability of the three named supervisors based solely on the fact that he submitted complaints and letters to them expressing his dissatisfaction with the treatment he is receiving. He pleads no facts suggesting a prison policy or custom which is actually responsible for his treatment, nor that the supervisors directed the course of treatment he is receiving or knew of and acquiesced in any decision not to treat Plaintiff. As such, even if Plaintiff had adequately pled a claim for deliberate indifference (which he has not) Plaintiff has

failed to state a claim for deliberate indifference as to the three individually named supervisory defendants. Accordingly, Plaintiff's Complaint is dismissed without prejudice in its entirety.

IV. **CONCLUSION**

For the reasons stated above, Plaintiff's Complaint shall be **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim for which relief may be granted. Because this Court is dismissing Plaintiff's Complaint in its entirety, the Court will grant Plaintiff leave to file an amended Complaint within thirty (30) days. An appropriate order will follow.


**Date: November 21, 2016**               /s/ Brian R. Martinotti_____
                                          **HON. BRIAN R. MARTINOTTI**
                                          **United States District Judge**